UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILFREDO TORRES,<br><br>                    Plaintiff,<br><br>-against-<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>                    Defendant. | 23-CV-4810 (LTS)<br><br>23-CV-8243 (LTS)<br><br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO<br>REPLEAD |
| WILFREDO TORRES,<br><br>                    Plaintiff,<br><br>-against-<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>                    Defendant. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings these two actions under the Freedom of Information Act ("FOIA"), seeking documents from Defendant U.S. Department of Justice ("DOJ"). By order dated September 22, 2023, the Court granted Plaintiff's application to proceed *in forma pauperis* in action under docket number 23-CV-8243. By order dated November 3, 2023, the Court granted Plaintiff's application to proceed *in forma pauperis* in action under docket number 23-CV-4810.

For the reasons set forth below, the Court consolidates the two above-captioned actions under docket numbers 23-CV-4810 and 23-CV-8243, and dismisses the consolidated action, with 30 days' leave to replead in the 23-CV-4810 action. The Court directs the Clerk of Court to close the 23-CV-8243 action.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff asserts claims under FOIA regarding documents allegedly in the possession of the Federal Bureau of Investigation ("FBI"). These two actions are the fourth and fifth FOIA actions Plaintiff has filed seeking documents from the FBI or the DOJ. One of these actions, under docket number 23-CV-8243, concerns Plaintiff's litigation in another action pending in this court before the Honorable Edgardo Ramos. *See Torres v. City of New York*, ECF 1:19-CV-6332, 81 (S.D.N.Y.) ("*Torres I*").

The Court provides a brief description of Plaintiff's FOIA requests in the four actions (*Torres II – Torres V*), in chronological order. *Torres II* asserted many of the same claims asserted in this newly consolidated action and is currently closed. *Torres III* also asserted many of the same claims asserted here and is currently on appeal. *Torres IV* and *Torres V* are the new actions, consolidated by the Court, and they too assert many of the same claims previously asserted by Plaintiff.

2

A. *Torres v. DOJ*, ECF 1:21-CV-8427, 8 (S.D.N.Y.) ("*Torres II*")

*Torres II* concerned Plaintiff's earlier unsuccessful FOIA requests made to the DOJ. On April 6, 2021, Plaintiff filed requests #040621-18 and #2021-01078 with the DOJ, regarding documents related to communication between the DOJ, the United States Attorney's Office, this court, the New York City Police Department, and the New York City Law Department, regarding *Torres I* and a sixth action filed by Plaintiff, *Torres v. City of New York*, ECF 1:16-CV-2362, 456 (S.D.N.Y. April 21, 2021) (lead case of four cases accepted as related).

On October 25, 2021, the Court provided Plaintiff leave to amend his complaint in *Torres II* because he did not state facts suggesting that the DOJ improperly withheld agency records or that he exhausted his administrative remedies. *See* ECF 1:21-CV-8427, 4, at 6-7. Plaintiff filed an amended complaint in response to that order, but in a second order issued by the Court on December 6, 2021, the Court found that Plaintiff failed to comply with the October 25, 2021 order and granted Plaintiff leave to file a second amended complaint. *See id.* at 5-7. Plaintiff filed a second amended complaint, but in an order dated February 1, 2022, the Court dismissed *Torres II* because Plaintiff did not allege facts suggesting that the DOJ had improperly withheld agency records or that he exhausted his administrative remedies. ECF 1:21-CV-8472, 10, at 6-7.

Plaintiff appealed the Court's decision, and on July 7, 2022, the United States Court for Appeals for the Second Circuit dismissed his appeal as frivolous. *Torres v. DOJ*, No. 22-362 (2d Cir. July 7, 2022).

B. *Torres v. DOJ*, ECF 1:23-CV-0945, 1 (S.D.N.Y., on appeal) ("*Torres III*")

In *Torres III*, Plaintiff alleged that on September 15, 2022, he filed FOIA request #156094-000 with the FBI. He sought the release of material regarding FBI investigations involving Plaintiff from January 1, 1995, to July 1, 2022, "including records of the participation of FBI informant Ms. Maria Alcazar." *Id.* (Doc. No. 1, at 10). Five days later, on September 20,

3

2022, the FBI denied Plaintiff's FOIA request. On October 14, 2022, Plaintiff filed an administrative appeal, which the FBI denied on November 10, 2022.

Plaintiff stated that he required this information "for the prosecution of lawsuit SD[ ]NY 19CV6332 against the Deep State-CIA-FBI-COINTERPRO's domestic assassination program." *Id.*

By order dated May 1, 2023, the Court dismissed *Torres III* for failure to state a claim on which relief may be granted but granted Plaintiff leave to replead his FOIA claims. ECF 1:23-CV-0945, 5. Plaintiff did not file an amended complaint. Instead, on May 12, 2023, he filed a notice of appeal, *id.* at ECF No. 6, which is pending. He also filed the instant two lawsuits, consolidated by the Court in this order.

C.  *Torres v. DOJ*, ECF 1:23-CV-4810, 1 (S.D.N.Y.) ("*Torres IV*")

In *Torres IV*, Plaintiff states that on November 9, 2022, he filed FOIA request #1572344-000 with the FBI "for information about the assassinations of members of my family by the FBI-CIA COINTELPRO's domestic assassinations project." *Id.* at 8. He states that "[t]he FBI denied my request on November 15, 2022 . . . [and] [o]n February 4, 2023 I filed appeal number A-2023-00767 in relation to the denial." (*Id.*) "On March 10, 2023 that appeal was denied." (*Id.*)

D.  *Torres v. DOJ*, ECF 1:23-CV-8243, 1 (S.D.N.Y.) ("*Torres V*")

In *Torres V*, Plaintiff states that on the same date he filed his FOIA request in *Torres III*, September 15, 2022, he filed a second FOIA request, request #1560857, with the FBI. In that FOIA request, he sought material related to investigations of Plaintiff from January 1, 1980 to July 1, 2022, involving alleged FBI informants Juan Antonia Torres-Rodriguez, Carlos Enriquez Torres-Rodriguez, and Carlos Alberto Torres-Ortiz. Plaintiff states that the FBI denied the request and Plaintiff filed an appeal, which was assigned number A-2023-00092. On November 23, 2022, the FBI "sent me a letter stating: 'We have opened your remanded appeal and will

4

inform you of the results in future correspondence.'" (ECF 1, at 8.) Plaintiff states that the FBI "has not disclosed the requested data." (*Id.*)

**E.     Prior Litigation Warnings**

Plaintiff has filed many actions in this court, many of which involve allegations that the government is involved in a conspiracy to harm him and his family members. For example, on November 2, 2010, in a report and recommendation, Magistrate Judge Kevin Fox described Plaintiff's allegations in an action before him as follows:

> The gravamen of Torres' complaint is that, since 1980, [the Department of Homeland Security] has been involved in a large scale conspiracy, with various government and private entities, to "persecute[]" him and his family. Among the entities with which DHS has allegedly conspired are: (1) the New York City Police Department; (2) American Airlines; (3) the plaintiff's landlord, Bellevue South Associates; (4) a Mafia gang operating in midtown Manhattan; (5) the Drug Enforcement Administration; (6) the Puerto Rico Police Department; (7) the New York State Department of Motor Vehicles; (8) Zurich American Insurance Company; (9) Independence Bank; (10) White Rose Food; (11) the New York City Administration for Children Services; (12) "Krasdale Foods, Benfica Trucking[] and the Teamsters Union"; (13) Beth Israel Medical Center; and (14) the United States Postal Service. None of these entities is named as a defendant in this action.
>
> The plaintiff alleges that DHS, as part of its conspiracy, has, inter alia: (1) falsely arrested him on at least three occasions; (2) placed his name on an airline passenger list, describing him as a "terrorist"; (3) caused flooding in his apartment; (4) "derailed" at least two lawsuits he initiated; (5) instructed gang members to harass him; (6) drained "thousands of dollars" from his bank account; (7) "arbitrarily end[ed]" the parental rights of an unnamed third party; and (8) denied medical services to a critically-ill relative. Torres makes no allegations about when each act, noted above, and committed in furtherance of the conspiracy, occurred.

*Torres v. DHS*, ECF 1:09-CV-8640, 16 (S.D.N.Y. Nov. 24, 2010).

Following years of litigating multiple lawsuits, Plaintiff was warned by this Court on February 3, 2023, in another action filed by Plaintiff not discussed in this order, "that filing repetitive or frivolous litigation in this court may result in an order barring [him] from filing any new [civil] actions in this court [IFP] without first seeking permission of the court." *Torres v. The Blackstone Grp.*, ECF 1:23-CV-0123, 4, at 6 (S.D.N.Y. Jan. 13, 2023) (citing 28 U.S.C. § 1651).

In *Torres III*, the Court reiterated that warning and expanded it to include the same consequences should Plaintiff file future nonmeritorious civil actions under FOIA in this court.

## DISCUSSION

### A.     Freedom of Information Act

"The FOIA confers jurisdiction on the district courts 'to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld.'" *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) (quoting 5 U.S.C. § 552(a)(4)(B)). At the outset, an aggrieved party must plausibly allege that "an agency has (1) improperly; (2) withheld; (3) agency records." *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (quoting 5 U.S.C. § 552(a)(4)(B) (quotation marks omitted)). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." *Tax Analysts*, 492 U.S. 142.

A FOIA request must "reasonably describe the records of interest," which "means that documents must be described sufficiently to enable a professional employee familiar with the subject to locate the documents with a reasonable effort. . . . Extremely broad or vague requests or requests requiring research do not satisfy this requirement." 32 C.F.R. § 1900.12(a). "The plaintiff is considered to have failed to exhaust [his] administrative remedies, and the complaint must be dismissed" if the plaintiff failed to make a proper FOIA request pursuant to the agency's regulations." *Robert v. Cent. Intelligence Agency*, No. 02-CV-6788 (JS) (AKT), 2018 WL 1598611, at *6 (E.D.N.Y. Mar. 31, 2018), aff'd, 779 F. App'x 58 (2d Cir. 2019) (summary order?).

The FOIA specifically provides for an administrative appeal process following an agency's denial of a FOIA request. *See* 5 U.S.C. § 552(a)(6)(A)(i) (agency shall "notify the

person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination").

In *Torres IV*, Plaintiff alleges that he submitted a FOIA request with the FBI regarding the alleged assassination of members of his "family by the FBI-CIA COINTELPRO's domestic assassinations project." ECF 1:23-CV-4810, 1 at 8. He also alleges that the FBI denied his request, and an unspecified agency denied his appeal. In *Torres V*, Plaintiff alleges that he submitted a FOIA request with the FBI regarding alleged investigations of Plaintiff from January 1, 1980 to July 1, 2022, involving alleged FBI informants Juan Antonia Torres-Rodriguez, Carlos Enriquez Torres-Rodriguez, and Carlos Alberto Torres-Ortiz. He also alleges that the FBI denied his request, opened Plaintiff's remanded appeal, but did not provide any material.

Plaintiff does not reasonably describe the records that he seeks in either of his FOIA requests. In *Torres IV*, Plaintiff asked the FBI to provide information regarding the alleged assassination of his family members and the FBI's alleged "COINTELPRO[ ] domestic assassinations program," spanning a period of 45 years. ECF 1:23-CV-4810, 1, at 9. In *Torres V*, he requested information regarding investigations of him, spanning a period of 42 years. Even assuming that that the FBI possessed such records, Plaintiff fails to provide *the reasons* why the FBI denied his FOIA requests. Moreover, with respect to *Torres V*, it is unclear whether that FOIA request is pending with the FBI. Thus, Plaintiff's allegations are insufficient to show that the FBI improperly withheld agency records. The Court therefore dismisses this consolidated action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND

District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d

7

116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Plaintiff has filed four actions seeking FOIA material from the FBI or the DOJ. His FOIA requests, while not identical, are related to alleged underlying events that are the subject of his other civil actions pending in this court. *See, e.g.*, *Torres I*. Assuming for the purposes of this order that Plaintiff's FOIA requests were considered and denied by the FBI or the DOJ, the Court grants Plaintiff leave to file an amended complaint to state facts in support of his two FOIA requests. **If Plaintiff has any other additional FOIA requests that he filed with the FBI or the DOJ regarding the alleged assassination of his family members or FBI informants who allegedly investigated him, *and* the FBI or the DOJ denied those requests, he may include those requests in any amended complaint that he files if he fully exhausted his administrative remedies.**

Specifically, in any amended complaint, he must state the following for each FOIA request with the FBI or the DOJ: (1) the date the FOIA request was made, and the date the final appeal was decided; (2) the FOIA request and appeal numbers assigned by the FBI or the DOJ; (3) a description of each request made to the FBI or the DOJ; and (4) the reasons the FBI or the DOJ gave for denying Plaintiff's FOIA requests.

Should Plaintiff choose not to file an amended complaint in this action, and instead appeals this order to the Court of Appeals, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court consolidates the actions filed under docket numbers 23-CV-4810 and 23-CV-8243, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), and dismisses the consolidated action for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead in the 23-CV-4810 action.

The Court directs the Clerk of Court to terminate action number 23-CV-8243 and to hold open action under docket number 23-CV-4810, until further notice from the Court.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 5, 2023
        New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge